UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

YELSON ISAAC RODAS-HERNANDEZ,

Defendant.

Case No. 2:22-cr-01552-MIS

**OMNIBUS ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR SENTENCE REDUCTION, DENYING MOTION FOR COMPASSIONATE RELEASE, AND DENYING AS MOOT MOTION FOR BRIEFING DATES OR FOR TELEPHONIC STATUS CONFERENCE**

THIS MATTER is before the Court on Defendant Yelson Isaac Rodas-Hernandez's Motion for Sentence Reduction, see ECF Nos. 44, 46, Motion for Compassionate Release, ECF No. 46, Motion to Appoint Counsel, ECF No. 47, and Motion for Briefing Dates or Telephonic Status Conference, ECF No. 48. On June 18, 2024, the Government filed a Response to the Motion for Sentence Reduction.[1] ECF No. 45. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY Defendant's Motions.

**I.     Relevant Background**

On November 19, 2020, a Grand Jury sitting in the Eastern District of Kentucky returned an indictment charging Defendant with assaulting a federal employee, inflicting bodily injury, in violation of 18 U.S.C. § 111(a)(1) & (b). See Indictment, United States v. Rodas, No. 5:20-CR-

---

[1] Technically, the Government filed its Response to Defendant's Motion for Sentence Reduction before Defendant properly filed the Motion. On May 20, 2024, Defendant filed a document on the docket indicating that he wished to file a Motion for Reduction of Sentence based on Amendment 821 to the Sentencing Guidelines through counsel. See ECF No. 44. On June 18, 2024, the Government filed a Response arguing that Defendant is not entitled to a sentence reduction. ECF No. 45. On October 21, 2024, Defendant filed a "Motion for Compassionate Release Pursuant to § 3582(c)(1)(A), (c)(2), § 1B1.13 & 3553(a)[,]" which the Court construes as a dual Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Government did not separately respond to this Motion.

00126-DCR-MAS (E.D. Ky., Nov. 19, 2020), ECF No. 33.  On April 28, 2021, Defendant pleaded guilty to the lesser included offense of assault of a federal employee involving physical contact.  See id., ECF Nos. 57, 59.  For this crime, the United States District Court for the Eastern District of Kentucky sentenced Defendant to fifteen months' imprisonment to be followed by three years' supervised release.  Id., ECF No. 68.  Defendant was ordered removed or deported on January 12, 2022.  See Presentence Investigation Report ("PSR") ¶ 5, ECF No. 28.

Less than six months later, on June 22, 2022, United States Border Patrol Agents found Defendant in the United States, attempting to conceal himself in desert brush near Santa Teresa, New Mexico.  Id.  At the time, he was still serving his term of supervised release from the Eastern District of Kentucky conviction.  See Tr. Sentencing Hr'g, at 7:11-14, ECF No. 36.

On September 21, 2022, a Grand Jury sitting in the District of New Mexico returned an Indictment charging Defendant with illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) & (b).  ECF No. 13.  On October 13, 2022, Defendant pleaded guilty to the Indictment.  See ECF No. 24.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report describing the events that gave rise to his conviction in the Eastern District of Kentucky for assault on a federal employee involving physical contact.  See PSR ¶¶ 5, 21, ECF No. 28.  Specifically, while working at a slaughterhouse, Defendant sexually assaulted "K.T.," an employee of the United States Department of Agriculture who was assigned to inspect the animals slaughtered.  Id. ¶ 21.  Over the course of several weeks, Defendant "engaged in a pattern of grabbing K.T.'s buttocks and hips, attempting to pull K.T. close to him[,]" "attempted to kiss K.T. multiple times," "grabbed K.T. three separate times as she was trying to leave the kill floor[,]" on two occasions "forced his hands down the back of K.T.'s pants grabbing her buttocks[,]" "grabbed

2

K.T. from behind and forcibly kissed her[,]" "overpowered" K.T. when she tried to pull away, "forced his left hand up her blouse, beneath her brassiere[,]" "made skin to skin contact with his left hand and K.T's breast" and "then used his right hand to reach around K.T.'s waist and unzip her pants." Id. When K.T. told Defendant that she would not have sex with him, Defendant "grabbed K.T. from behind and forced his hand down the front of K.T.'s pants, while attempting to drag K.T. to the bathroom. K.T. dropped to her knees and was able to escape." Id.

The PSR assigned Defendant a Total Offense Level of 12. Id. ¶ 18. The PSR further assigned five criminal history points: three criminal history points for his Eastern District of Kentucky conviction, id. ¶ 22, and two criminal history points because his offense in this case was committed while he was under a criminal justice sentence (because he was still on supervised release for the Eastern District of Kentucky conviction), id. ¶ 23. Under the Guidelines, a criminal history score of five established a criminal history category of III. Id. ¶ 24. Based on a Total Offense Level of 12 and a Criminal History category of III, Defendant's guideline imprisonment range was fifteen to twenty-one months. Id. ¶ 43.

On April 25, 2023, the Court held a sentencing hearing. See ECF No. 34. At the beginning of the sentencing hearing, the Court indicated that it was considering an upward variance. See Tr. Sentencing Hr'g, at 2:13-14, ECF No. 36. After hearing from counsel and Defendant, the Court found that a sentence within the advisory Guidelines range was insufficient when considering all the relevant factors under 18 U.S.C. § 3553(a). See Id. at 7:1 – 10:6. Ultimately, the Court sentenced Defendant to thirty-eight months' imprisonment with no term of supervision to follow. Id. at 10:7-9; see also Judgment, ECF No. 35.

Defendant appealed the Court's sentence, and specifically the upward variance. See ECF No. 37. On February 26, 2024, the United States Court of Appeals for the Tenth Circuit affirmed the Court's sentence. ECF No. 43-1.

On May 20, 2024, Defendant filed a document titled "Request for case review and possible action to include motion for reduction of sentence based on November 1, 2023 Amendments to the Federal Sentencing Guidelines and illegal denial of First Step Act time credit[.]" ECF No. 44. That document was mailed to the United States Courthouse in Las Cruces, New Mexico, but it is addressed to "Counselor," states that "your office represented me at sentencing[,]" and requests that "Counselor" review his case to determine whether he is eligible for a sentence reduction under Amendment 821. Id. at 1-2. The Clerk's Office incorrectly docketed this document as a Motion for Sentence Reduction under Amendment 821 to the United States Sentencing Guidelines. See id. (docket text).

On June 18, 2024, the Government filed a Response conceding that Defendant is eligible for a sentence reduction under Amendment 821, but arguing that the Court should exercise its discretion and deny Defendant's request without a hearing. ECF No. 45.

On October 21, 2024, Defendant filed a "Motion for Compassionate Release Pursuant to § 3582(c)(1)(A), (c)(2), § 1B1.13 & 3553(a)." ECF No. 46. Although this is the first actual Motion requesting a sentence reduction, the Clerk's Office docketed it as an "Appendix/Supplement" to the document he filed on May 20, 2024. See id. (docket text).

Also on October 21, 2024, Defendant filed a Motion to Appoint Counsel. ECF No. 47.

On December 9, 2024, Defendant filed a "Request for Briefing Dates or request for Telephonic Status Conference." ECF No. 48.

4

On January 31, 2025, Defendant filed a Petition for Writ of Mandamus in the Tenth Circuit, alleging that this Court is refusing to rule on his Motions. See Pet. Writ Mandamus at 1, In re: Yelson Isaac Rodas-Hernandez, No. 25-2012, (10th Cir. Feb. 3, 2025), Doc. 1-1. Petitioner requests that the court of appeals "take control of his motion for compassionate release/reduction that is pending and decide its outcome or enforce the code of conduct upon the lower court so [Defendant] may proceed in his application for relief." Id. at 2.

On March 18, 2025, the Tenth Circuit issued an Order "invit[ing] the district court to respond to the mandamus petition within 30 days . . . ." Id., Doc. 7.

## II.  Legal Standards

### a.  Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2)

Pursuant to 18 U.S.C. § 3582(c)(2), the court may reduce the term of imprisonment for a defendant "'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). "These ameliorative amendments to the Guidelines do not create a right to a sentence reduction." United States v. Piper, 839 F.3d 1261, 1266 (10th Cir. 2016) (citation omitted). "Rather, even if a defendant is eligible, such 'a reduction is not mandatory but is instead committed to the sound discretion of the trial court.'" Id. (quoting United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994)). "Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence under a Guidelines amendment if the reduction is consistent with U.S.S.G. § 1B1.10, the Sentencing Commission's relevant policy statement, and after considering the factors in 18 U.S.C. § 3553(a)." Id. (citing Dillon, 560 U.S. at 821). "The statute thus establishes a two-step inquiry." Dillon, 560 U.S. at 826.

At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Id. at 827 (alteration in original).

### b.     Compassionate Release

Title 18, United States Code, Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, contains the so-called "compassionate release" provision. That statute provides, in relevant part:

**(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case—

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

6

> motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c) (2019).

The court may grant compassionate release (or otherwise reduce a sentence) pursuant to Section 3582(c)(1)(A)(i) only if the movant establishes all three of the following elements: (1) that "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction. United States v. Maumau, 993 F.3d 821, 831 & n.4 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042-43 (10th Cir. 2021). A district court may deny compassionate release if any of these elements is lacking. Maumau, 993 F.3d at 831 n.4; McGee, 992 F.3d at 1043. "The moving defendant bears the burden of establishing that such a 'compassionate release' is warranted under the statute." United States v. Moreno, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

Effective November 1, 2023, the United States Sentencing Commission revised U.S.S.G. § 1B1.13 "rendering the policy statement applicable and controlling the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding." United States v. Mulder, Case No. 19-CR-0157-001-JFH, 2024 WL 382048, at *2 (N.D. Okla. Jan. 31, 2024). Under U.S.S.G. § 1B1.13, the Court may reduce a term of imprisonment if:

>    **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
>    **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>    **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>    **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Extraordinary and compelling reasons for a sentence reduction include (1) certain medical circumstances of the defendant; (2) the age of the defendant if he is "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less[;]" (3) certain family circumstances of the defendant; (4) whether the defendant's having been a victim of abuse while in custody; (5) "other reasons[;]" and (6) the imposition of an unusually long sentence. U.S.S.G. § 1B1.13(b).

**III.    Discussion**

Initially, the Court must dispel Defendant's concern that, until now, the Court has refused to rule on his Motions. On November 17, 2023, the Chief Judge of this District entered an Administrative Order appointing the Federal Public Defender ("FPD") "to represent any criminal defendant who was previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for a reduction of sentence and to seek relief in accordance with 18 U.S.C. § 3582(c)(2)" and Guideline Amendment 821. Admin. Order at 1, In re: 2023 Amendment to United States Sentencing Guidelines, No. 23-MC-00004 (D.N.M. Nov. 17, 2023), ECF No. 22. The Administrative Order further states that "FPD plans to screen pro se criminal motions seeking relief under Guideline Amendment 821. Within ninety

days after the pro se motion is filed, defense counsel will file: (1) an amended, counseled motion, if the defendant has a colorable claim for relief; or (2) a notice indicating FPD will not take action on behalf of the defendant." Id. at 2.

Here, Defendant filed a pro se Motion seeking relief under Guideline Amendment 821 on October 21, 2024.[2] ECF No. 46. Pursuant to the Administrative Order, FPD had ninety days—until and including January 22, 2025—to screen Defendant's Motion and file either (1) an amended motion or (2) a notice indicating that FPD was taking no action on the motion. See id. However, FPD failed to do so.

Then, on February 4, 2024, the Clerk docketed a Letter from the Clerk of Court for the Tenth Circuit to Defendant confirming that his Petition for Writ of Mandamus had been docketed in the court of appeals. ECF No. 49. On or about that date, the Undersigned Judge's staff called the FPD's Office to ask whether they had assigned an attorney to screen Defendant's Section 3582(c)(2) Motion. The FPD's Office confirmed that they would review the Motion. However, to date, FPD has not filed an amended motion or notice of no action.

Regardless, the Court rejects Defendant's assertion that the Court was refusing to rule on his Motions; it was simply giving FPD time to conduct its screening and submit an appropriate filing, and overlooked FPD's failure to timely do so. In the Court's experience, FPD has dutifully fulfilled its role in timely screening pro se Motions under Section 3582(c)(2). Unfortunately, this case is an exception.

---

[2] Although Defendant filed a document on May 20, 2024 that the Clerk docketed as a Motion for Sentence Reduction under Amendment 821 to the Sentencing Guidelines, that document did not request any such relief. Rather, although it was sent to the United States District Courthouse in Las, Cruces, New Mexico, it is addressed to "Counselor," states that "your office represented me at sentencing[,]" and requests that "Counselor" review his case to determine whether he is eligible for a sentence reduction under Amendment 821. ECF No. 44. This Court is clearly not the "Counselor" to whom the document was addressed, and the Court may not give such legal advice. Thus, the Court does not construe the May 20, 2024 document as a motion requesting relief from the Court.

9

The Court has reviewed Defendant's Section 3582(c)(2) Motion and, as explained below, finds that the 3553(a) factors clearly do not support his request for a sentence reduction. Therefore, appointment of counsel is unwarranted, and no hearing is necessary. See United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009) (holding that the district court did not abuse its discretion in ruling on the defendant's Section 3582(c)(2) motion without the appointment of counsel or an evidentiary hearing because the defendant's "request for sentencing reduction is clearly contrary to the Sentencing Commission's policy statement").

### a.  Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2)

Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. See ECF No. 46 at 4-5. The Government concedes that Part A of Amendment 821 lowered Defendant's guideline range, but argues that the Court should deny his Motion based on the Section 3553(a) and public safety factors. ECF No. 45 at 6-11.

"Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense 'while under any criminal justice sentence'—i.e., 'status points.'" United States v. Hardimon, Case No. CR-22-327-G, 2024 WL 2000654, at *2 (W.D. Okla. May 6, 2024) (quoting U.S.S.G. § 4A1.1(e) (2023)).

> Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a "defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

10

Id. (quoting United States v. Corral-Estrada, No. 3:14-cr-00088, 2024 WL 1554203, at *2 (D. Nev. Apr. 9, 2024)). Amendment 821 took effect on November 1, 2023, and applies retroactively. See Notice of final action regarding retroactive application of Parts A and B, Subpart 1 of Amendment 821 (Amendment 8 of the amendments submitted to Congress on April 27, 2023), pertaining to criminal history, 88 Fed. Reg. 60,534 (Sept. 1, 2023).

Here, Defendant's PSR assessed two "status points" for committing the instant offense while under a criminal justice sentence—i.e., because he illegally reentered the United States while he was still on supervised release for the Eastern District of Kentucky conviction. PSR ¶ 23, ECF No. 28. Without the status points, Defendant otherwise only had three criminal history points (based on his prior conviction in the Eastern District of Kentucky). See id. ¶¶ 22-23. Because Defendant otherwise had fewer than seven criminal history points, "Part A reduces Defendant's status points to zero." Hardimon, 2024 WL 2000654, at *2. Consequently, the application of Section 4A1.1, as amended by Part A of Amendment 821, reduces Defendant's criminal history score from five to three, which reduces his Criminal History category from III to II. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). With a Total Offense Level of 12 and a Criminal History category of II, Defendant's amended guideline imprisonment range is twelve to eighteen months, which is lower than the original guideline range of fifteen to twenty-one months. See id. Because Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, Defendant can satisfy step one of the Dillon analysis.

However, the Court finds under step two of the Dillon analysis that the relevant 3553(a) factors do not support a sentence reduction. As the Court stated at Defendant's sentencing hearing:

As to the 3553(a) factors, the Court is considering that it must impose a sentence sufficient but not greater than necessary to comply with the purposes of this – of 3553(a), considering the nature and circumstances of the offense and the history and characteristics of the defendant.

The nature and circumstances of the offense are the defendant returned to the United States, it looks like, five months after he was removed on his previous Federal case – well, after he was released from prison on his previous Federal case and then removed. He actually returned to the country while he was still on supervised release for the Federal Court in the Eastern District of Kentucky for his assault on a Federal employee.

The Court's considering the history and characteristics of the defendant. The defendant was convicted of assaulting a Federal employee. Paragraph 21 of the PSR details his assault on a Federal employee, but the defendant attempted to kiss the Federal employee multiple times; he grabbed her repeatedly; he prevented her – well, he forced his hands down the back of her pants and attempted to overpower her. At one point, he grabbed her from behind and forced his hands down her pants and tried to drag her into the bathroom. He indicated he wanted to have sex with the Federal employee, and that employee told him "no."

The Court is considering the need for the sentence imposed to reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense. The Court does not find that a Guideline sentence reflects the seriousness of the offense of returning to the country after being removed, after a conviction for a violent crime.

The Court's considering the need to promote respect for the law and to provide just punishment for the offense. The Court does not find a Guideline sentence sufficiently promotes respect for the law and provides a just punishment for the offense.

The Court's considering the need for the – to afford adequate deterrence to criminal conduct. The Court finds that a Guideline sentence does not afford adequate deterrence to criminal conduct. The defendant received a 15-month sentence on his assault of a Federal employee case and then returned to the country almost immediately -- well, five months after being removed all the way down to Honduras.

The Court's considering the need to protect the public from further crimes of the defendant. The defendant has a violent history and the Court feels that more than a Guideline sentence is needed to protect the public from further crimes of the defendant.

. . .

> The Court's considering the kinds of sentences available. The Court's considering the Guideline range in this case which, on appeal, would be presumptively reasonable. The Guideline range is 15 to 21 months, but the Court finds that presumption is overcome by the particular facts in this case, including the defendant's criminal history and how quickly he returned to the United States after his deportation.
>
> The Court's considering all of the United States Guidelines policy. The Court's considering the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. I'm not sure there is a disparity in this case because many people with criminal history like Mr. Rodas' receive more serious time than 15 months, but if there is a disparity, the Court finds that it's overcome by the facts of this case.

ECF No. 36 at 7:1 – 9:23. The Court readopts these findings and, for the same reasons it found that the 3553(a) factors supported an upward variance to thirty-eight months' imprisonment at the sentencing hearing, concludes that the 3553(a) factors do not support a sentence reduction under Section 3582(c)(2). See United States v. Cruz-Perez, No. 24-30065, 2024 WL 3023174, at *1 (5th Cir. June 17, 2024) (affirming district court's denial of motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 filed by defendant sentenced to twenty-seven months' imprisonment for illegal reentry because "the district court had a reasoned basis for denying a sentence reduction as unwarranted" based on consideration of the 3553(a) factors). Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

### b.     Motion for Compassionate Release

Defendant also moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 46. The Government did not respond to this part of Defendant's Motion.[3]

First, the Court finds that Defendant failed to argue or establish that he satisfied Section 3582(c)(1)(A)'s exhaustion requirement. See United States v. Hemmelgarn, 15 F.4th 1027, 1030

---

[3]     See Note 1, supra.

13

(10th Cir. 2021) ("Section 3582(c)(1)(A) requires exhaustion before a court may consider a motion for compassionate release.").

Second, the Court finds that even assuming arguendo that Defendant satisfied Section 3582(c)(1)(A)'s exhaustion requirement or that the Government waived the argument, see id. at 1031, the Court finds that Defendant failed to establish extraordinary and compelling reasons for a sentence reduction. Specifically, Defendant identifies no qualifying medical circumstances under U.S.S.G. § 1B1.13(b)(1); does not qualify under the "Age of the Defendant" provision in U.S.S.G. § 1B1.13(b)(2); identifies no qualifying family circumstances under U.S.S.G. § 1B1.13(b)(3); does not allege that he was the victim of abuse while in custody under U.S.S.G. § 1B1.13(b)(4); does not qualify for a sentence reduction under the "Unusually Long Sentence" provision in U.S.S.G. § 1B1.13(b)(6) because he has not served at least ten years of a term of imprisonment, and in any event he did not receive an unusually long sentence; and the Court is not persuaded that any of the other reasons Defendant argues in support of a sentence reduction qualify him for such a reduction under U.S.S.G. § 1B1.13(b)(5).

Third, even assuming arguendo that there is an extraordinary and compelling reason to reduce Defendant's sentence, the Court finds that the 3553(a) factors do not support a sentence reduction for the reasons discussed in the Section III(a), supra.

Therefore, Defendant's Motion for Compassionate Release is DENIED.

### IV. Conclusion

It is **HEREBY ORDERED** that:

**1.** Defendant's Motion to Appoint Counsel, ECF No. 47, is **DENIED**;

2. Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, ECF No. 46, is **DENIED**;

3. Defendant's Motion for Compassionate Release, ECF No. 46, is **DENIED**; and

4. Defendant's Motion for Briefing Dates or for Telephonic Status Conference, ECF No. 48, is **DENIED AS MOOT**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE